**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND VINCENT ALVAREZ,

    Defendant - Appellant.

No. 17-1459
(D.C. No. 1:17-CR-00035-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **EID**, Circuit Judges.
_____

Raymond Vincent Alvarez pleaded guilty to possession of a firearm by a

previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced

to 51 months of imprisonment, which was within both the statutory range and the

advisory guideline range estimated in the plea agreement and used at sentencing.

Although the plea agreement contained an appeal waiver, Mr. Alvarez appealed. The

government moves to enforce the appeal waiver under *United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address a *Hahn* factor that the appellant does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In response to the government's motion, Mr. Alvarez, through counsel, concedes that his appeal waiver is enforceable as to this direct appeal, and he does not contest any of the *Hahn* factors. Accordingly, the motion to enforce is granted, and this matter is terminated.

Entered for the Court
Per Curiam

2